## Pittsburgh Provision & Packing Company v. Cudahy Packing Company, Appellant.

*Contracts—Breach—Sale of goods—Title—Place of delivery— Evidence—Carrier—Agency—Meat— Guaranty—Freshness — Absence of opportunity to inspect—Rejection—Rescission—Suit by buyer to recover price paid—Case for jury.*

1. The general rule is that a delivery of goods to a carrier in conformity to a contract of sale is a delivery to the vendee sufficient to pass title to the goods, and the carrier at once becomes the agent of the vendee, to whom the latter must look for resulting damages while the goods are in transit. Where, however, the contract requires delivery at the place of destination, the title remains in the vendor until that point is reached and the risks of transportation are assumed by him.

2. In the absence of circumstances indicating a contrary intent, delivery of meat to a common carrier in good condition, properly packed and refrigerated, in view of the distance it must travel, with proper instructions as to re-refrigeration if needed in the course of transit, passes title and the shipper's duty is fully performed and his responsibility ends on such delivery.

3. Even though title to a shipment of goods may pass upon delivery to the carrier, the contract is still subject to rescission up to the time of delivery and inspection, unless an opportunity to inspect was given before delivery.

4. Where the facts are not in dispute, the question as to the place of delivery and when title passes is for the court.

5. A guarantee that meat, the subject of a contract of sale, shall be fresh, contemplates an opportunity on the part of the purchaser to inspect the meat before accepting it to discover whether or not the shipment is in accordance with the terms of the guarantee, and is evidence that the place of delivery was intended to be the point of destination, where the condition of the meat could be ascertained.

6. Plaintiff ordered from defendant certain beef "guaranteed ffresh," to be shipped to plaintiff c. a. f. at Pittsburgh, Pa. Defendant packed the meat at its packing house in Kansas City, Kansas, consigned it to its own order and sent the bill of lading with draft attached to a Pittsburgh bank, which draft upon presentation to plaintiff was paid without waiting for the arrival of the meat. There was evidence that "guaranteed fresh" meant that the meat should be good, wholesome and in a condition fit for sale as food. When the meat arrived it was sent to plaintiff's siding by defendant, and upon inspection was discovered to be unfit for human consumption. Plaintiff notified defendant of its refusal to accept the consignment. In an action for the recovery of the purchase-price paid, the freight charges and cost of icing, a verdict for the full amount of the claim was recovered. *Held,* the verdict will be sustained.

Argued Oct. 9, 1917. Appeal, No. 59, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 381, on verdict for plaintiff in case of Pittsburgh Provision & Packing Company, a corporation, v. The Cudahy Packing Company, a corporation. Before MESTREZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit to recover price paid for merchandise. Before DAVIS, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $4,036.70, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the refusal of binding instructions for defendant and the refusal of defendant's motion for judgment n. o. v.

*George O. Calder* and *R. B. Webster,* for appellant.

*Samuel McClay,* with him *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 7, 1918:

Plaintiff and defendant are both engaged in the wholesale meat and provision business in the City of Pittsburgh and on June 21, 1913, plaintiff sent to defendant's office in that city an order as follows: "Please ship the following articles and send invoice and shipping receipt or bill of lading to above address, stating how shipped, route, etc., and giving car numbers and initials: 16,000 pounds Fresh Boneless Beef Chucks, 12½c c. a. f. Pittsburgh; 5,000 lbs. Fresh Beef Trimmings 12c c. a. f. Pittsburgh, packed in sugar barrels, lightly salted. Guaranteed Fresh...... Ship to Pittsburgh Provision & Packing Co., Union Stock Yards, Pittsburgh, Pa." In compliance with this order defendant shipped the meat mentioned from its packing house in Kansas City, Kansas, in refrigerator cars by way of the Wabash railroad, under bill of lading consigned to its own order at Pittsburgh, with direction to notify plaintiff company at that city. The bill of lading with draft attached to invoice was forwarded to a Pittsburgh bank, and, upon presentation to plaintiff, the draft, calling for the cash price less freight charges, was paid by plaintiff without awaiting arrival of the meat. The car was delivered at

defendant's siding at Pittsburgh on Saturday, June 28, 1913, and on the following Monday defendant gave the Wabash railroad directions to reconsign the car to plaintiff's siding at the Union Stock Yards. Upon reaching this latter point plaintiff's examination of the meat found it unfit for food and its representative at once notified defendant by telephone of the condition. The following day plaintiff advised defendant by letter that the meat was not as guaranteed and requested defendant to have the car removed promptly. Upon failure of the latter to do so the railroad company subsequently disposed of the contents. This action was then brought to recover the purchase-price together with an item of expense for re-icing the car at defendant's request. The trial resulted in a verdict for plaintiff for the full amount of its claim. Defendant appeals.

The single question submitted to the jury was whether the meat was in the condition required by the guarantee at the time of its delivery at its destination, where plaintiff had an opportunity to make inspection. That the meat was not in proper condition for use was practically conceded, the principal dispute being whether, under the terms of the order, the title of the goods passed upon delivery to the carrier at Kansas City, or whether the sale was not consummated until delivery on plaintiff's siding at Pittsburgh. In the former case proof of delivery to the carrier at Kansas City in good condition and properly packed would entitle defendant to the purchase-price and if the shipment was lost through delay or improper care in transit the loss would be a matter of adjustment between the purchaser and the carrier.

Evidence was offered to show the words "guaranteed fresh" meant that the meat should be good, wholesome and in a condition fit for sale as food. It does not appear that opportunity was given plaintiff to determine whether this guaranty was complied with at the time the goods were placed in the car for shipment. In fact the parties do not seem to have contemplated an opportunity to in-

spect at that time. Even though we assume title passed upon delivery to the carrier, the contract was still subject to rescission up to the time of delivery and inspection unless an opportunity to inspect was given before delivery.

The general rule is that a delivery of goods to a carrier, pursuant to a contract of sale, is a delivery to the vendee sufficient to pass title to the goods, and the carrier at once becomes the agent of the vendee: Braunn v. Keally, 146 Pa. 519; Perlman v. Sartorius & Co., 162 Pa. 320; to whom the latter must look for resulting damages while the goods are in transit: Dannemiller v. Kirkpatrick, 201 Pa. 218. Consequently, in absence of circumstances indicating a contrary intent, if defendant in the present case delivered the meat to the carrier in good condition, properly packed and refrigerated, in view of the distance it must travel, and gave proper instructions as to re-refrigeration if needed in the course of transit, defendant's duty was fully performed and its responsibility ended on such delivery, and it was no longer concerned in the question of delay or damage on delivery: United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170. Where, however, the contract requires delivery at the place of destination title remains in the vendor until that point is reached and the risks of transportation are assumed by him: Dannemiller v. Kirkpatrick, supra.

The facts here are not in dispute, hence the question as to the place of delivery and when title passed is for the court. Both parties conducted places of business in Pittsburgh. The order was to ship to "Union Stock Yards, Pittsburgh, Pa.," that being the business address of plaintiff, and the designation as to price "c. a. f. [cash and freight] Pittsburgh," meant in this case that the price quoted included the freight to destination, the abbreviation apparently having substantially the same significance as "f. o. b. Pittsburgh." As a further evidence of intention the guarantee that the meat should be "fresh" could not reasonably be construed to mean fresh

at the time of shipment in a car at any point from which defendant found it convenient or necessary to ship. Owing to climatic conditions and the perishable nature of the consignment, delivery to a carrier in good condition, at a distant point, might not be a criterion of possible condition of the meat on arrival at its destination, notwithstanding the utmost care in transit. Furthermore, the guaranty contemplated an opportunity on the part of plaintiff to inspect the meat before accepting it, to discover whether or not the shipment was in accordance with the terms of the guaranty. The only opportunity available for this purpose was on its arrival at plaintiff's place of business, and not until that time could its condition be ascertained. Upon reaching its destination plaintiff was entitled to a reasonable opportunity to inspect, and, having done so without delay and discovered the shipment to be in a condition unfit for food and not in accordance with the guaranty, it was justified in refusing to accept; and, upon giving prompt notice of such refusal, as to which there is no question, the meat was held by the carrier at the risk of the shipper: Fogel v. Brubaker, 122 Pa. 7; Hires v. Stromeyer, 65 Pa. Superior Ct. 241.

The judgment of the lower court is affirmed.