Harvey Probber, Inc. *v.* Kauffman, Appellant.

Argued March 21, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Clarence C. Mendelsohn,* for appellant.

*Darlington Hoopes,* with him *Darlington Hoopes, Jr.,* for appellee.

OPINION BY CARR, J., July 17, 1956:

This is an appeal from the refusal of the court below to grant defendant's motion for judgment n.o.v. after a verdict in favor of the plaintiff.

The evidence viewed in the light most favorable to the plaintiff, a furniture manufacturer in New York City, discloses that on November 13, 1951, defendant, a furniture merchant in Reading, Pennsylvania, ordered a sofa from the plaintiff for which he agreed to pay the sum of eight hundred fifty-four and 60/100 ($854.60) dollars. The sofa was shipped by common carrier from New York to the defendant in Reading, Pennsylvania, and upon arrival was inspected by the defendant who discovered that it was damaged to such an extent that it could not be sold as new merchandise. The vice-president of the plaintiff corporation, however, had examined it immediately prior to shipment and found it to be in good condition. Because of the damaged condition of the sofa when delivered to him by the common carrier, defendant refused to pay the purchase

price whereupon the plaintiff brought this action in assumpsit.

The principal question for determination is: When did title to the sofa pass to the buyer? The general rule is that a delivery of goods to a carrier pursuant to a contract of sale is a delivery to the buyer sufficient to pass title to the goods and the carrier at once becomes the agent of the buyer: *Popper vs. Rosen,* 292 Pa. 122; *Pittsburgh Provision and Packing Company vs. Cudahy Packing Company,* 260 Pa. 135.

The fact that there was a contract for the sale of merchandise at an agreed price and that the merchandise was delivered by the seller to a common carrier not being disputed, the burden of going forward with the evidence then shifted to the defendant who was bound to prove that title had not passed to him upon delivery to the common carrier.

The jury was justified in finding that there was no agreement that the plaintiff was to deliver the goods to the defendant in Reading or to pay the freight or cost of transportation. The Sales Act of May 19, 1915, P. L. 543, Section 19, 69 P.S. 143 which was in effect at the time of this transaction, provided, inter alia, "If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon." Defendant's evidence not only failed to bring this transaction within the purview of the above quoted section, which is an exception to the general rule, but on the contrary indicated he was to pay the freight charges for delivery. Exhibit No. 7, the way bill, indicates that the freight charges were C. O. D. and were to be collected from the defendant by the

truck driver upon delivery. If title to the sofa passed upon delivery to the common carrier, the risk of loss or damage in transit was on the buyer. The Sales Act, supra, §22, 69 PS §181.

Defendant's contention that the pleadings were improper and irregular are without merit. This is an action of assumpsit brought in compliance with the Pennsylvania Rules of Civil Procedure, Rule 1001 et seq. Much is made of the fact that the complaint does not specify whether the alleged contract was written or oral. If the complaint does not so specify, the inference is that it is oral. See Goodrich-Amram, §1019 (h)-1. The objections to the form of the pleadings should have been raised by preliminary objections and are not properly before us on appeal.

The contention of defendant that the charge of the court is erroneous and confusing is likewise without merit. It stated the facts fairly and accurately presented the law to the jury. Defense counsel did not request additional instructions nor did he specifically except to the matters of which he now complains. Where no specific requests are made and no specific exceptions taken to the charge, the court below will not be reversed except for fundamental error. *Koenig v. Flaherty*, 383 Pa. 187; Goodrich-Amram, §227-3.

Judgment affirmed.