Rosen v. Lufthansa German Airlines

*Alexander Cooper* and *Melvin Schwartz*, for plaintiff.

*Kirkpatrick, Pomeroy, Lockhart & Johnson*, for defendant.

OLBUM, J., December 1, 1966.—Before this court is plaintiff's preliminary objection, averring lack of conformity to a procedural rule, to defendant's preliminary objection to the complaint in trespass, which raised a question of jurisdiction and venue.

The complaint avers that plaintiff was injured on October 19, 1963, when he was a passenger on an airplane owned and operated by defendant during a flight from London, England, to Frankfurt, Germany. The injuries allegedly resulted from a fall plaintiff suffered in the aisle of the plane because of the plane's defective carpeting. The complaint also avers that defendant conducted business in Pennsylvania and maintained an office for that purpose in the City of Pittsburgh, where service of the writ was made.

Defendant filed a preliminary objection raising a question of jurisdiction and venue. While "venue" and "jurisdiction" are not synonymous, for procedural purposes objections to venue are treated as raising a question of jurisdiction. See County Construction Company v. Livengood Construction Corporation, 393 Pa. 39, 44-45. In its objection, defendant averred that jurisdiction and venue in this case are governed by article 28 of the Warsaw Convention Relating to International Transportation by Air, to which convention the United States is a signatory, which article provides:

"An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of

the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination".

Defendant's objection further avers that its domicile and principal place of business are at Cologne, Germany; that plaintiff's contract for transportation was not made with defendant's Pittsburgh office, but with the American Express Company on documents of Pan American Airways Company; and that, at the time of the occurrence, plaintiff's "place of destination" was Frankfurt, Germany, and not Pittsburgh, although his ticket provided for ultimate air transportation to Pittsburgh at an unscheduled time by way of other airlines, defendant having no flights within the Commonwealth of Pennsylvania.

Plaintiff's preliminary objection is in the form of a motion to strike defendant's preliminary objection because of lack of conformity to Pennsylvania Rule of Civil Procedure 1019(h), which provides:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing".

In his preliminary objection, plaintiff asks the court to take judicial notice of the Warsaw Convention, a copy of which was submitted to the court at the argument. Article 3 of the convention provides that a carrier of passengers must deliver a passenger ticket containing specified particulars, including a statement "that the transportation is subject to the rules relating to liability established by this convention". Because defendant has not stated specifically in its preliminary objection that its defense is based on a written contract, plaintiff argues that defendant has failed to comply with the aforesaid Pa. R. C. P. 1019(h), and asks the court to overrule defendant's preliminary objection and to require it to answer the complaint.

Plaintiff's preliminary objection cannot be sustained for the reason that defendant's preliminary objection has not violated Pa. R. C. P. 1019(h). If a pleading does not "state specifically whether any claim or defense set forth therein is based upon a writing", the inference is that it is oral, and the pleading is not thereby rendered deficient: Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281, 285; Goodrich-Am. §1019(h)-1.

In addition, it is relevant to point out that the absence of a passenger ticket does not affect the applicability of the Warsaw Convention, which provides in Article 3(2):

"The absence, irregularity, or loss of the passenger ticket shall not affect the existence or the validity of the contract of transportation, which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier accepts a passenger without a passenger ticket having been delivered he shall not be entitled to avail himself of those provisions of this convention which exclude or limit his liability".

Therefore, whatever application the Warsaw Convention may have to the facts of this case, it appears that the existence or the absence of a passenger ticket or of any other kind of written contract would have no bearing on the jurisdictional question raised by defendant.

While we are now able to dispose of plaintiff's preliminary objection, defendant's preliminary objection will not be ripe for determination until the issues of fact therein raised are preliminarily determined: Pa. R. C. P. 1028(c); Goodrich-Am. §1028(c)-2.

Article 1(1) provides that the Warsaw Convention "shall apply to all international transportation of persons, baggage or goods performed by aircraft for hire . . ." Article 1(2) provides that the expression "international transportation" shall mean "any trans-

portation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation . . . are situated either within the territories of two High Contracting Parties, or . . ."

The complaint does not set forth "the contract made by the parties". It simply avers that at the time plaintiff was injured, he was a passenger aboard a plane owned and operated by defendant on a flight from London to Frankfurt. It might appear from that averment, since Great Britain and Germany are both contracting parties to the convention, that both the place of departure and the place of destination are "within the territories of two High Contracting Parties", that plaintiff was in "international transportation", and that, therefore, the convention applies to this action. However, this factual determination cannot at this stage of the proceedings be made from the pleadings.

Further, even if it be factually determined that plaintiff was in "international transportation", which would make the Warsaw Convention applicable to this action, that alone would not require that defendant's preliminary objection of lack of jurisdiction be sustained on the basis of article 28. Assuming that defendant's domicile and principal place of business are both in Germany, and that Frankfurt was, in fact, "the place of destination", the factual determination must still be made as to whether plaintiff's contract for transportation was made through defendant's Pittsburgh office. This issue cannot be determined simply on the basis of defendant's affidavit that plaintiff's contract for transportation was made with the American Express Company and not through defendant's Pittsburgh office.

Our decision coincides, in essence, with the decision of the court in Notarian v. Trans World Airlines, Inc., 244 F. Supp. 874. In that case, which arose on defend-

ant's motion to dismiss the complaint, without any pleading having been filed by defendant, the court held that *if* the Warsaw Convention applied, the averments of the complaint were sufficient to give that court admiralty jurisdiction, because it was within the "permissible four places" for bringing suit specified in article 28. And in a motion to dismiss under Federal procedure, as in a demurrer under the Pa. R. C. P., the facts set forth in the complaint must be assumed to be true. See Land v. Dollar, 330 U. S. 731, 735; Polk Company v. Glover, 305 U. S. 5, 9. The court in Notarian, however, held that the "Convention's provisions are contractual in nature", and that to determine the factual application of the Warsaw Convention, ". . . it must first be pleaded in order to entitle it to a basis for any procedural moves".

Here, the Warsaw Convention has been pleaded in defendant's preliminary objection, which is a "pleading" under Pa. R. C. P. 1017. We are also saying, as did the Federal court, that it must first be decided whether the Warsaw Convention applies "according to the contract made by the parties". If it does, we must then decide whether this court has jurisdiction and venue under article 28. In Notarian, the issue could not be decided on the pleadings. That is also true here. The only real difference between Notarian and the instant case is that the court in Notarian was able to make one determination from the complaint—that the court had jurisdiction under article 28 *if* the Warsaw Convention applied. We are unable to determine from these pleadings either: (1) whether the convention applies, or (2) if it does, whether this court has jurisdiction under article 28.

If we were simply to overrule plaintiff's preliminary objection, that would leave this case in a state of limbo. Defendant failed to endorse its preliminary objection with a notice to plead to the averments of

fact contained therein. Because of that failure, plaintiff was under no duty to answer, and the averments of the objection are deemed automatically denied: Pa. R. C. P. 1026; 2A Anderson Pa. Civ. Prac. §1026.5. The proceedings thus are rendered abortive, because the issue raised in defendant's preliminary objection cannot be decided until the facts are known. In order to provide a basis for the determination of those factual issues, we shall direct plaintiff to answer the averments of fact contained in defendant's preliminary objection so that the parties may proceed to take evidence by deposition under Pa. R. C. P. 209; Pa. R. C. P. 1028(c); Goodrich-Am., §1028(c)-2.

### ORDER OF COURT

Now, December 1, 1966, after argument, and upon consideration thereof and of the briefs of counsel, plaintiff's preliminary objection to defendant's preliminary objection is hereby overruled, and it is hereby ordered that plaintiff, within 20 days, file an answer to the averments of fact contained in defendant's preliminary objection, following which evidence shall be taken by deposition, if necessary, in accordance with the provisions of Pa. R. C. P. 209, so that defendant's preliminary objection may be determined.