# Weiman v. United Benefit Life Insurance Company

*Louis J. Di Giacomo,* for plaintiff.

*Harry O. Boreth, Ira P. Tiger,* and *Jack B. Justice,* for defendants.

SPAETH, J., January 31, 1968.—

### NATURE AND HISTORY OF THE CASE

The case arises on defendant Aaron Eisenstein's preliminary objections to the complaint.

The complaint was filed on September 1, 1967. It prays, inter alia, for a preliminary injunction, without hearing, restraining defendant Girard Trust Bank from surrendering, canceling, or otherwise securing the cash value of certain life insurance policies owned by plaintiff and held as collateral by Girard. Gold, P.J., issued the preliminary injunction, which on September 20th was continued by agreement of counsel until final hearing. On October 3rd, Eisenstein filed the preliminary objections now before the court.[1]

The complaint alleges that Eisenstein, as general agent for defendant United Benefit Life Insurance Company, misrepresented the terms of a United Benefit Life Insurance policy that he hoped to sell to plaintiff, as well as the terms of three Metropolitan Life Insurance Company policies that plaintiff already owned,

---

[1] Other pleadings have been filed but are not relevant here.

and that because of these misrepresentations plaintiff agreed to buy the United Benefit policy, to borrow from Girard the money to pay the premiums on the United Benefit policy and to pledge with Girard as collateral the United Benefit policy and the three Metropolitan Life policies. The complaint further alleges that as a result of these transactions plaintiff owes Girard $25,768; that Girard has notified plaintiff that to pay this amount it will liquidate the United Benefit and the Metropolitan Life policies; and that if Girard does liquidate the policies, plaintiff will have no life insurance coverage. In addition to the prayer for a preliminary injunction, noted above, the complaint prays for an injunction against Girard to prevent it from liquidating the four insurance policies; rescission of the United Benefit policy; an order compelling Eisenstein to discharge plaintiff's debt to Girard; an order compelling Girard to return the Metropolitan Life policies to plaintiff and certain ancillary relief which need not be discussed.

The preliminary objections raise numerous issues, which, however, may be considered in two groups.

## DISCUSSION

1. *Venue, jurisdiction, demurrer, and joinder of causes of action.*

Eisenstein's objections to the complaint on the above grounds derive from the proposition that the complaint states separate causes of action against Girard, United Benefit and Eisenstein. The actions against Girard and United Benefit are said to be equitable, but the action against Eisenstein is said to be only a claim for money damages and as such "cognizable at law".

From this, according to Eisenstein, these conclusions follow: The causes of action cannot be joined, since Pennsylvania Rule of Civil Procedure 1508 permits joinder only of causes of action "cognizable in equity"; the causes of action should not have been stated in a

single count (Pa. R. C. P. 1020 (2) ) ; this court has no jurisdiction, or, if it does, venue is improper, since neither Girard nor United Benefit is a party requisite to the adjudication of the cause of action against Eisenstein, and, hence, neither is a "principal defendant" within Pa. R. C. P. 1503 (a), which permits an action to be brought, with certain exceptions not pertinent, "only in a county in which . . . the defendant or a principal defendant may be served . . ." See Bird v. Sleppy, 265 Pa. 295, 298, 108 Atl. 618, 618-19 (1919), approved in Potteiger v. Fidelity-Philadelphia Trust Company, 424 Pa. 418, 424, 227 A. 2d 864, 869 (1967).[2]

None of these conclusions is sound, for Eisenstein's argument rests upon a false premise: There are not three causes of action stated in the complaint but only one, and that one is cognizable in equity.

"A cause of action, is that which produces or affects the results complained of": Noonan v. Pardee, 200 Pa. 474, 482, 50 Atl. 255, 256 (1901). Here, it is alleged, Eisenstein's fraud produced the results complained of; hence, it is that fraud alone that is the cause of action, and the courts of common pleas have specifically been given equitable jurisdiction over fraud: Act of June 13, 1840, P. L. 666, sec. 38, 17 PS §286 (1965). It is immaterial that plaintiff seeks rescission of the United Benefit policy, an injunction against liquidating the Metropolitan Life policies, and an order compelling Eisenstein to discharge plaintiff's debt to Girard. These measures are not separate causes of action but are modes of restoring plaintiff to the condition that existed before the alleged fraud was perpetrated; moreover, they are the only measures that can give plaintiff ade-

---

[2] Girard and United Benefit were served in Philadelphia, and Eisenstein in Montgomery County, in reliance upon Pa. R. C. P. 1504 (b), which provides: "If . . . one of the principal defendants has been served within the county in which the action is commenced . . . the plaintiff shall have the right of service upon a defendant . . . in any other county . . ."

quate relief, for if he were to ask only money damages, he would lose the life insurance coverage now afforded by the Metropolitan Life policies.

Accordingly, Eisenstein's demurrer and his objections to venue, jurisdiction and joinder of causes of action will be overruled.

2. *Failure to plead with sufficient specificity.*

Paragraph 6 of the complaint alleges generally that plaintiff "was induced to enter into" the United Benefit policy "by reasons of [Eisenstein's] fraud and misrepresentations" as to the terms of that policy.

Paragraph 7 specifies the misrepresentations. For example, paragraph 7(a) states:

"(a) Representing that the said life insurance policy would have cash values in excess of $50,000.00 after three years, when in fact the cash value of the policy at the end of the three years was only $9,079.00".

Paragraphs 7(b) through 7(i) are in specificity similar to paragraph 7(a). Paragraph 7(j), however, only states:

"(j) Misrepresenting other terms, conditions and values of the said United Benefit Life Insurance Company policy".

Paragraph 8 alleges that Eisenstein "induced plaintiff to borrow from . . . Girard . . . the money necessary to pay the annual premiums" on the United Benefit policy.

Eisenstein objects to paragraphs 6 through 8 because they do not specify whether the alleged misrepresentations were in writing or oral, and to paragraph 7(j) because it is so general. Both objections are well taken.

Pa. R. C. P. 1019(b) requires that fraud "shall be averred with particularity", which paragraph 7(j) of the complaint does not do; and although paragraphs 6, 7(a) through 7(j), and 8 are more particular than is paragraph 7(j), they are not particular enough,

for they do not state whether the alleged misrepresentations were oral or written, thereby violating Pa. R. C. P. 1019 (h), which is made applicable to actions in equity by Pa. R. C. P. 1501, and which provides:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing".

It is true that Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281, 285, 124 A. 2d 699, 700 (1956), held that where a complaint on a contract for the sale of furniture omitted to state whether the contract was oral or written, the contract would be presumed to be oral. However, this decision cannot be extended to a complaint pleading fraud.

### ORDER

And now, January 31, 1968, defendant Eisenstein's preliminary objections are overruled, except that the objections to paragraph 7 (j) and paragraphs 6 through 8 of the complaint are sustained. Those paragraphs are stricken, with leave to plaintiff to file, within 20 days, an amended complaint in accordance with the opinion accompanying this order. Upon failure to file such an amended complaint, plaintiff's action will be dismissed.