## Barger v. Chevron, Inc.

*John C. Reed,* for plaintiff.
*William McConnell,* for defendant.

ACKER, J., June 26, 1972.—Preliminary objections have been filed to a counterclaim to an action in assumpsit. Because the matter arises from a common factual background, it is necessary to inform the reader in a general way of the nature of plaintiff's claim to understand the alleged basis of the counterclaim. According to the complaint[1] defendant requested plaintiff to construct a building on an oral contract at a fair and reasonable "market value" at the time furnished. That value, it is claimed by plaintiff, was $3,226. The work was to be completed on or about March 1971. To this, defendant filed an answer and a counterclaim in the total amount of $59,030.46. Of this, $7,402 is assigned to the alleged cost of tearing down a cement wall approximately three feet high around three sides of the new addition to the existing building and to construct two cement pads upon the floor of the new addition required because the work was "done

---

[1] Preliminary objections to this complaint were denied by a previous order.

in such a defective manner." Two hundred and twenty-eight dollars and ninety-six cents is assigned in the counterclaim for cement which it is claimed was wasted due to defendant's "defective construction" of cement forms. By the oral agreement, plaintiff was to supply the labor, but defendant was to supply the cement. In addition, $200 is claimed for back fill, leveling and landscaping the work after the work was done which, it is claimed, was never accomplished. Because of the "defective manner" in which the work was performed, defendant asserts that water was permitted to flood into the addition which was under construction, requiring defendant to take employes off of their regular work to attempt to remedy the condition at a cost of $87.50 in wages, but a total loss of production of $1,000. Further, the counterclaim asserts that plaintiff failed to install spouting and trim around the roof and that defendant will be required to do such work at an estimated cost of $144 to install the spouting and $48 to install the trim. Contrary to the assertion of plaintiff that the work was to be finished on or about March 1971, defendant claims the work was to be completed by November 1st, presumedly of 1970. Plaintiff, according to defendant, was informed at the time of contracting for the job that any delay would result in loss of production. Actually, the work was not completed until March of 1971, so says defendant, and as a result he lost production over a period of four months. He claims, however, damages for three months period in the total amount of $48,000. Fifteen hundred dollars of the total claim is made up of the cost of supplying cement forms which defendant claims plaintiff failed to do. Plaintiff apparently had a dump truck which was required as a portion of his work on this job which had a breakdown. Defendant repaired the truck at a cost of $420 for which he says he has never been paid. There-

fore, plaintiff, who commenced the suit for $3,226, is now confronted with a counterclaim of $59,039.46, with interest from March 31, 1971. Needless to say, this has brought forth a preliminary objection in the nature of a motion for a more specific pleading. The contentions are as discussed below.

I. *Is the defendant's counterclaim defective in that it fails to state whether the cause of action is based upon a writing or oral agreement?*

Plaintiff relies upon Pennsylvania Rules of Civil Procedure 1019(h). This rule requires that a pleading state specifically whether any claim or defense set forth therein is based upon a writing. In interpreting this rule, the lower courts were in some division[2] prior to Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281, 124 A. 2d 699 (1956). That action in assumpsit concerned the purchase of goods from a manufacturer. It was contended that the pleadings were improper and irregular in that the complaint did not specifically state whether the alleged contract was written or oral. In answer, the court held, page 285:

"If the complaint does not so specify, the inference is that it is oral. See Goodrich-Amram, Section 1019 (h)-i."

Plaintiff answers, however, that the Probber case, supra, merely sets the minimum standards and that each lower court has the option to require the pleading party to state whether he relies upon a writing or not.[3] Plaintiff continues that because this court has not

---

[2] See Lohbrandt, Executrix v. Smiley, 37 D. & C. 2d 459 (1965), where many cases were detailed concerning the interpretation of Pa. R.C.P. 1019.

[3] Goodrich-Amram, Civil Prac. Supp. §1019(h)-i, page 253, concludes that Probber, Inc., supra, "seems to definitely settle" the matter.

stated its position, at least in a reported case, it should accept the position advocated by plaintiff of requiring a specific declaration as to whether the party is relying upon an oral or written contract. That conclusion ignores Wellmann v. Marshal and Roed Theatres Corp. and Hermitage Square Basil Theatre, Inc., 10 Merc. L.J. 8 (1970), where this court noted that whatever division previously existed in the lower courts was settled by the Probber case, supra. Therefore, following Probber, supra, we have declared that if the party suing does not allege that he is relying upon a writing, it is presumed to be oral.

It is acknowledged that there may be exceptions to this rule, such as found in Weiman v. United Benefit Life Insurance Company, 43 D. & C. 2d 750 (1968), where the issue was one of fraud through a writing. In that, Pa. R.C.P. 1019(b) specifically requires that fraud be averred with particularity, Probber, Inc., supra, was distinguished and not followed. However, there is nothing in the case at bar which requires such a distinction.

Wherefore, plaintiff's preliminary objection in the nature of a motion for a more specific pleading on this ground is denied.

II. *Is the counterclaim sufficiently specific to enable plaintiff to prepare a defense and reply to the counterclaim?*

The counterclaim alleged in paragraph 8 that defendant will be required to tear down portions of a cement block wall and to reconstruct two cement pads because the work was done ". . . in such a defective manner . . ." at an estimated cost of $7,402. By paragraph 11 of the counterclaim, because plaintiff ". . . performed in such a defective manner as to cause water to flood into the addition which was under construction . . . ," defendant was required to

remedy the condition by the payment of $87.50 in wages and a loss of production in the amount of $1,000. Paragraph 9 of the counterclaim asked damages in the amount of $228.96 for cement that was allegedly wasted due to plaintiff's "defective work."

It is the position of plaintiff that the description of the condition alleged as "defective" or "defective manner" or "defective construction" or "defective work" is a conclusion insufficient to permit plaintiff to prepare a defense. We agree.

The standards for pleading under Pa. R.C.P. 1019(a) are incapable of precise measurement and the Pennsylvania Supreme Court has declared that the lower courts have broad discretion in determining the amount of detail that must be averred: United Refrigerator Co. v. Applebaum, 410 Pa. 210, 189 A. 2d 253 (1963).

It is academic that a counterclaim must be set forth with the same clearness as a complaint: Anheuser-Busch v. Lenowitz, 94 Pa. Superior Ct. 184 (1928).

Our research has failed to disclose any Pennsylvania case where the denomination of negligent conduct or the result thereof was "defective" was held sufficient to withstand a motion for a more specific pleading.

Powell v. East Union Township, 26 Dist. R. 924, 13 Schuy. Leg. Rec. 174 (1917), held that a "defective road" was insufficient description.

Graylind Machinery Corp. v. Coopers Creek Chemical Corp., 74 Montg. 78, 80 (1957), held in a suit upon a warranty for defective materials a description as being "defective and cracked" was insufficient.

Grosser v. Alan Auto Sales, Inc., 17 Cumb. L.J. 77 (1967). This product liability case held that the description of a wheel as "defective" and that it was installed in a "defective condition" was insufficient.

Luzi v. Davis, 36 Northampton R. 205 (1961). The description of a scaffold as "dangerous and defective" was held to be improper pleading.

Schmidt, Jr. v. Gaetano, 107 Pitts. Leg. J. 256 (1959), describing a container as "unfit and defective" was subject to preliminary objection which was sustained.

Coby Distributors, Inc. v. Plisga, 46 Luz. Leg. Reg. 227 (1956), held that description of roofing materials as "defective" was insufficient and plaintiff was obligated to aver the nature and extent of the defects.

Connelly v. Hoffman, 4 D. & C. 2d 213 (1955), held that an allegation that an air conditioning unit was defective was a conclusion of fact and required a more specific complaint.

Pearl Embroidery of Philadelphia, Inc. v. Orbitogs, Inc., 60 Schuy. Leg. Rec. 199 (1963), held that an answer which alleges defects in goods must state the nature and extent of the alleged defects so that courts will not be left in doubt.

Similarly, in a construction contract pleadings of carelessness, indifference, overindulgence, negligence and other delinquencies were all held to be meaningless: Eakin v. Glenn, 3 Mercer L.J. 32 (1956).

An averment that a condition "was unreasonably dangerous for the use intended" is a bold conclusion and must be supported in the pleadings by sufficient facts: Nicholson v. Gus Genetti Hotel, Inc., 61 Luz. L. Reg. R. 1 (1970).

A complaint that a fire was caused by the negligence of defendant's employes has been held to be insufficient: Lehigh Valley Coal Co., v. Baumann, 65 Lanc. Jur. 25 (1964).

An allegation that defendant materially misrepresented the nature of the work to be performed under the contract was held to be insufficient: Nuss v. Lititz Borough, 58 Lanc. L. Rev. 455 (1963).

A pleading that an action was "arbitrary and capricious" is insufficient: Commonwealth ex rel. Shoemaker v. Salary Board of York County, 78 York Leg. Rec. 108 (1962).

A bold assertion that an ordinance is invalid is insufficient: Unger et al. v. Hampton Township, 437 Pa. 399, Footnote no. 4, 263 A. 2d 385 (1970).

A complaint which asserts "constant attention and practice course of deceptive conduct" alleges only conclusions and not facts: Hill v. Wertzberger, 9 Chester 425 (1960).

Allegations that sewer service charges are "unreasonable, inequitable, unfair, illegal, discriminatory, and prejudiced" are merely conclusions: McCandless Township Sanitary Authority v. Rupert, Jr., 112 Pitts. Leg. J. 463 (1964).

Allegations by a plaintiff that he will ". . . also rely on the doctrine of exclusive control and res ipsa loquitor" are merely conclusions of law: Tri-It Corp. v. Michael, 50 West. L.J. 93 (1968).

A complaint must specifically aver the manner in which a defect is alleged to have breached a contract as in the instant case: Community Shopping Centers, Inc. v. Barnes Development Co., 56 Del. R. 160 (1968).

Therefore, it can be seen that averments constituting mere conclusions of the pleader must be excluded in determining the sufficiency of the pleading: In re Pfeil's Estate, 287 Pa. 21, 134 A. 385 (1926).

New matter must state facts and not conclusions: Bureau for Child Care v. United Fund of Philadelphia Area, 416 Pa. 617, 207 A. 2d 847 (1965).

It is apparent in the instant case that defendant in his counterclaim has made bold allegations in the nature of conclusions which leaves plaintiff wholly unprepared to defend. This must be rectified.

*III. Is defendant's counterclaim sufficiently specific in averring items of damage?*

Plaintiff attacks paragraph 8 wherein $7,402. is requested to remove portions of two cement pads and replace them in that it fails to specifically state the cost of labor and the costs of materials. He likewise attacks paragraph 11 of the counterclaim where $87.50 in wages and $1,000 in production in attempting to remedy a flooding condition is alleged to have been incurred. Paragraph 15 is likewise under attack as to the repair costs of plaintiff's truck at $420 without itemizing the labor or materials but most particularly his paragraph 13 of the counterclaim which avers the cost of production for three months in the amount of $48,000.

The allegations for damages fall into two basic categories; those in which there is an estimation of the cost of repairs which have not as yet been undertaken and those which have already been completed. It would appear that there is logic and reason to treat the two categories differently. As to those which have not as yet been completed and are prospective in nature, this court has held to not require a detail of the items composing the claim or the amount assessed to each item. So Racketa v. Gustave Paul, Inc., 24 D. & C. 2d 398 (1961), which involved a crumbling, cracking and deteriorating of a concrete block wall due to alleged defective products, a lumping for the replacement of the wall in the amount of $7,500 prospectively was held to be sufficient to withstand a preliminary objection pursuant to Pa. R.C.P. 1019(f).

More recently, in McKay v. Boron Oil Co., 1 March term, 1972, in equity, this court held that damages in the approximate amount of $3,000 for "future expensive repairs to the foundation of the house" was sufficiently specific as a result of flooding by drainage

water allegedly improperly diverted onto plaintiff's land. In Godfrey v. Dowling, 20 D. & C. 536 2d (1957), this court likewise permitted a lumping of damages where automobiles which were for sale on a car lot were damaged by the alleged conduct of defendant's vehicle striking them and thereby preventing plaintiff from fulfilling his agreement of sales to customers and delaying the placement of the automobiles on the open market until they were properly repaired.

As to those damages which have already been incurred which are now under attack consisting of the $1,000 in loss of production alleged in paragraph 11, $48,000 lost production for three months in paragraph 13 and repair to plaintiff's truck of paragraph 15 of $420, plaintiff is entitled to a more specific complaint.[4]

In a counterclaim, averments of damages must satisfy the same rules required in a complaint. Speculation and lump sums in approximate amounts must not be used: Glenn v. Frost, 57 Montg. L. Rep. 218 (1941).

An alleged increased cost as a result of a claimed change in contract requirements forcing plaintiff to dig rather than pull 2,500 feet of open trench was held to be insufficient pleading of damages: Nuss v. Lititz Borough, supra.

Those cases dealing with suits upon quantum merit contracts may be used by analogy to that here claimed by counterclaim. In such cases, although each nail and board need not be detailed, defendant is

---

[4] The view that special damages in an assumpsit action which have already been liquidated are in the category of "special damages," which must be pleaded as a separate item and not lumped, is supported by Weyand v. Herb, 12 Leb. Leg. J. 134 (1967).

entitled to know generally what items contribute to the cost and the amount thereof: Starcu Construction & Real Estate Co. v. Kresege and Metzger, 30 Leh. L.J. 201 (1963); Fedor v. Serafin, 47 Luz. Leg. Reg. R. 173 (1957); Petrie v. Patterson, 24 Beav. Leg. J. 114 (1962); Kachulis v. George, 7 Mercer L.J. 120 (1966).

Similarly in an action for reimbursement of moneys spent by a plaintiff on defendant's property, allegedly at defendant's request, plaintiff must plead details of the work done, the cost and when the request was made for the repairs: Reynolds v. Kachulis, 16 D. & C. 2d 279 (1958).

Wherefore, the damages already allegedly incurred must be specifically plead. As to the alleged loss of production claimed in paragraphs 11 and 13, plaintiff is entitled to know whether these are net profits, loss of gross receipts or some other loss. In addition, plaintiff is entitled to know the exact period by dates that defendant claims its loss.

## ORDER

And now, this June 26, 1972, the preliminary objection to defendant's counterclaim in the nature of a motion for a more specific pleading as to the failure to allege whether the counterclaim is based on a writing or is oral is denied. The motion for more specific pleading on the grounds that the counterclaim does not state material facts by alleging defective construction in paragraphs 8, 9 and 11, is granted and defendant-corporation is hereby ordered to file an amended counterclaim alleging the specific conditions or acts which it claims caused defective construction in paragraphs 8, 9 and 11. The motion for more specific pleading concerning paragraph 8, wherein it is alleged that defendant will be required to remove two cement pads and replace them at an estimated cost of $7,402,

213

is denied. Motion for a more specific pleading as to paragraph 11, in relation to the $1,000 alleged loss in production in attempting to remedy a flooding condition, is granted; defendant must file a more specific counterclaim setting forth the number of employes used in remedying the flooding, the amount of time devoted by the employes upon the said project, the date of the alleged flooding and the method used in computing the damages for loss of production.

The motion for more specific pleading concerning paragraph 13 of the counterclaim is granted. Defendant shall file an amended counterclaim as to the alleged loss of production for three months in the amount of $48,000 stating the method of computation of the lost production, the period of time involved and the dates which the loss allegedly occurred.

The motion for a more specific pleading as to paragraph 15 is granted and defendant shall file an amended counterclaim as to the repair of plaintiff's truck, itemizing the labor and materials furnished and performed.

All of the said amendments shall be filed within 20 days of the date of this order.