## Reston v. Ambrosia Coal and Construction Company

*Rea & Audino,* for plaintiff.
*Keller, Luxengerg & Garbett,* for defendant.

HENDERSON, *P. J.,* December 7, 1977— Presently up for disposition are plaintiff 's preliminary objections in the nature of a motion to

strike, a demurrer and a motion for a more specific pleading to defendant's counterclaim. Plaintiff began this action in assumpsit seeking benefits allegedly due and owing him under defendant's employe profit sharing plan. A counterclaim was filed alleging that plaintiff owed defendant certain money based upon seven loans defendant had made to plaintiff while he was in defendant's employ.

Each of the alleged loans is averred in a separate paragraph giving the date it was made and the amount. Two of the paragraphs also state that the money from two of the loans was used to purchase two bulldozers. The total of the seven loans is then set forth and a statement is made that defendant had frequently demanded said sum from plaintiff and that plaintiff has refused and continues to refuse to pay said sum to defendant.

Plaintiff alleges two grounds for his motion to strike: (1) that defendant has failed to set forth each of the alleged loans in separate counts as required by Pa. R.C.P. 1020; and (2) that defendant has failed to aver whether the loan agreements referred to in the counterclaim were based on a writing, as is allegedly necessary under Pa. R.C.P. 1019(h).

Determination of the former objection hinges on whether the seven alleged loans result in one or several causes of action. "Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief" Pa. R.C.P. 1020(a). Defendant argues that the seven loans form, essentially, a single transaction, since they were made by an employer to an employe during the course of his employment. He also points out that requiring the counterclaim to

be in separate counts would add confusion and poundage to the pleadings.

Although requiring separate counts would be cumbersome, we feel that it is necessary in this case. The employer-employe relationship, by itself, does not turn seven different loans made over a period of more than five years into a single transaction or cause of action.

If the failure to state the loans in separate counts was simply a minor procedural error with no possible substantive effect, we might be able to disregard this mistake under Pa. R.C.P. 126. But a single count containing several causes of action can cause serious problems. Grounds might exist for a summary judgment or a judgment on the pleadings as to some of the loans but not others. If all the loans are present in a single count, what then happens? One court has granted a summary judgment to defendant to a count containing multiple causes of action even though one of the causes of action contained in that count had been admitted in the defendant's answer: Titus v. Smith, 59 D.&C. 2d 150 (C. P. Pike Co., 1972). Defendant will not suffer an onerous burden by being required to amend his counterclaim to fall within the requirement of Pa. R.C.P. 1020(a).

Defendant's other basis for his motion to strike is easily dismissed. This court, along with many others, has held that it is unnecessary to aver in a pleading whether a contract or agreement is oral or written. If no written contract is pleaded, an inference arises that the alleged agreement is oral: Papa v. Schuller, No. 1007 of 1977 C. A. (C. P. Lawrence Co., 1977); Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281, 124 A.2d 699 (1956); 2 Goodrich-Amram 2d §1019(h):1. Under the averments presently in the counterclaim, the

loans were made by oral agreement, and no violation of Pa. R.C.P. 1019(h) occurred.

Plaintiff's demurrer is based upon the failure of the counterclaim to set forth the terms of the alleged loan agreement and its failure to allege that plaintiff had failed to perform any specific terms of said agreement. The grounds alleged for this demurrer are more appropriate in a motion for a more specific pleading. See Lavin v. Glowacki, 33 Del. Co. 82 (1944).

Although plaintiff's demurrer cannot be granted, he is entitled to a more specific pleading in certain respects. The touchstone of a motion for a more specific pleading is whether the pleading is sufficiently clear to enable the opposing party to prepare his defense. Plaintiff, in his preliminary objections in the nature of a more specific pleading, lists four areas in which he finds the counterclaim lacking. He requests that defendant be ordered to plead the terms of any agreements forming the basis for the alleged loans, whether any written agreements exist upon which defendant's claim is based, the precise nature of plaintiff's breach of any terms of the loan agreements, and any other precise facts upon which defendant's claim is based.

The request for a more specific pleading on whether the loan agreement is written has been dealt with, supra, in the discussion of the motion to strike and is dismissed.

The counterclaim did not make any express allegations that plaintiff breached the loan agreement. Plaintiff does have the right and need to know when he allegedly was in default to defendant over the loans. The alleged breach is an essential element of defendant's claim and the time that such breach occurred is a material fact.

The other items requested by plaintiff need not be pleaded by defendant. The details of the alleged loans and any other appropriate information can be obtained by the use of the discovery procedures. The pleadings as presently stated, along with the additional information concerning the time of plaintiff's alleged default, will be adequate to enable plaintiff to prepare his defense.

Plaintiff's preliminary objections with respect to defendant's failure to comply with Pa. R. C. P. 1020 is sustained, but defendant is granted leave to amend to state each cause of action in separate counts. Plaintiff's motion for a more specific pleading is sustained insofar as defendant is to amend his counterclaim to state the time that plaintiff allegedly breached the loan agreements with defendant, and is denied as to the rest. All other preliminary objections are denied.

## ORDER OF COURT

Now, December 7, 1977, it is hereby ordered, adjudged and decreed that plaintiff's preliminary objections in the nature of a motion to strike defendant's counterclaim is sustained as to defendant's failure to set forth each claim in a separate count and defendant is granted 20 days from the date hereof within which to amend that portion of his counterclaim. Plaintiff's preliminary objections in the nature of a motion for more specific pleading is sustained as to the question of the nature of plaintiffs alleged breach of the loan agreement and defendant is granted an additional 20 days from the date hereof within which to amend his pleading.

The balance of plaintiff's preliminary objections are each denied in conformity with the opinion filed herewith.