## First National Bank of Mocanaqua
## v. Halliday

*Robert E. Marsh, Jr.,* for plaintiff.
*Lawrence D. MacDonald,* for defendants.

TOOLE, *J.,* December 3, 1980—The First National Bank of Mocanaqua (hereinafter referred to as bank) instituted this assumpsit action to recover upon a judgment note executed and delivered by Robert Halliday and Phyllis Halliday, his wife (hereinafter referred to as Hallidays) on March 14, 1978 in the amount of $15,521.04. The Hallidays filed an answer containing new matter and a "coun-

terclaim in equity." The bank has filed preliminary objections in the nature of a demurrer, a motion for a more specific pleading, a motion to strike, and a challenge to the equity jurisdiction of the court.

The bank, in its demurrer, contends that the pleading offered by the Hallidays fails to allege any cause of action against the bank, more particularly, any fraud or misrepresentation on the part of the bank. In determining whether the pleading states a valid cause of action, we must bear in mind that a preliminary objection in the nature of a demurrer admits every well pleaded material fact and all reasonable inferences deducible therefrom. Furthermore, such an objection should be sustained only where it appears with certainty that upon the facts averred the law will not permit recovery: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976).

In Baker v. Rangos, 229 Pa. Superior Ct. 333, 348, 324 A. 2d 498 (1974), the court set forth the elements required to establish a cause of action based on fraud: "Fraud consists of any false representation of a matter . . . whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives or is intended to deceive another so that he shall act upon it to his legal injury."

In their new matter, the Hallidays allege that they sought to obtain a mortgage loan on their premises in March of 1978 in order to refinance certain outstanding indebtedness and to secure additional future advances by the bank. The bank allegedly represented to the Hallidays that a ten year mortgage for a principal amount of $42,500 had been approved, and that the mortgage documents would be prepared within three weeks. Relying upon the expressed representation of the bank, and induced by its assurance that any funds advanced were to be

part of the future mortgage loan, the Hallidays executed the subject note. The Hallidays continued thereafter to inquire of the bank regarding the status of their mortgage loan and were reassured that it was being readied and any funds advanced were part of the agreed mortgage proceeds.

In October of 1979 the bank advised the Hallidays that it would not consummate the mortgage on the terms originally agreed upon, and, in addition, the bank demanded prompt payment of the note. We are satisfied that this pleading sets forth with sufficient particularity the elements of fraud outlined in Baker v. Rangos, supra.

The bank also asserts that it is unable to make an adequate response because the allegations to the agreement between the parties, as well as the alleged fraud, are vague, indefinite, and lacking specificity in violation of Pa.R.C.P. 1019(a).

As a general rule, a pleader must state the operative facts of his claim with such accuracy and completeness that the adverse party is sufficiently informed of the basis of the claim and knows, without question, the ground upon which he can base his defense: Com. v. Shipley Humble Oil Co., 29 Pa. Commonwealth Ct. 171, 370 A. 2d 438 (1977). Although Pa.R.C.P. 1019(b) states that fraud must be pleaded with particularity, the rule does not require the pleading of all the factual details. Likewise, in pleading an oral agreement, although the date, time, place and any terms or conditions should be particularly alleged, it is not necessary to plead the exact words or all the circumstances surrounding the breach: Kishel & Sons, Inc. v. Resperski, 63 Luz. L.J. 253 (1973); Charles v. Crestview Properties, Inc., 15 D. & C. 2d 568, 71 Dauph. 172 (1957).

A motion for a more specific pleading should not be used to make a party plead evidentiary matters. If the bank feels additional information is necessary, it can secure the same by resort to discovery: Local No. 163 International Union of United Brewery, Flour, Cereal, Soft Drink & Distillery Workers of America v. Watkins, 417 Pa. 120, 207 A. 2d 776 (1965). We are satisfied that the pleading, when examined as a whole, sufficiently apprises the bank of the nature of the claim which it will be required to defend.

The bank also states that the pleading is in violation of Pa.R.C.P. 1019(h) for failure to attach a copy of the agreement upon which the Hallidays base their claim for relief. In the absence of an allegation that the contract is written, it is presumed to be oral. It is only if the claim is based upon a writing that the requirement that it be attached is applicable: Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281, 124 A. 2d 699 (1956); Goodbody & Co. v. Levine, 59 Luz. L.J. 201 (1969).

The bank also requests the court to strike off the pleading because it allegedly contains unsupported conclusions of law and certain impertinent matter. Whether the impertinence or non-conformity exists in such an acute form that a pleading should be striken is a matter of discretion for the court: Schwingen v. Piekarski, 13 D. & C. 2d 617, 48 Luz. L.J. 23 (1957). In determining this issue, we are mindful of the principle that a court should not strike off a pleading in the absence of some showing of real prejudice from the inclusion: Ferraro v. Luzerne Lumber co., 43 Luz. L.J. 143 (1953).

We are not prepared to say at this point that the Hallidays' conclusions are unsupported, or that the references to other notes and accounts are wholly

irrelevant or irresponsive to any of the allegations of the bank. We find simply no prejudice to the bank from the inclusion of these allegations in the pleadings and therefore deny the motion to strike.

Finally, the bank contends that it is improper to assert a "counterclaim in equity" in an assumpsit action. No authority has been cited to us in support of this contention, and our research has uncovered very little precedent to guide us. However, a similar issue was presented, considered, and determined in Deakins v. Roofing, Inc., 119 Pitts. L.J. 58 (1970). The Pittsburgh court, after reviewing Pa.R.C.P. 1031 and several analogous appellate cases, concluded that such a counterclaim was permissible. We are also satisfied that the question of the propriety of the relief to be awarded, if any, should be determined at trial, and not at the preliminary objections stage. See Society Hill Towers Tenants v. Society Hill Development, Inc., 75 D. & C. 2d 101 (1976).

Accordingly, we enter the following

### ORDER

It is hereby ordered, adjudged and decreed that the preliminary objections filed by First National Bank of Mocanaqua are denied and dismissed.